UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02197-RGK-KS | Date | April 4, 2024 |
|---|---|---|---|
| Title | *Parham Nabatian v. Porsche Cars North America, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On February 15, 2024, Parham Nabatian ("Plaintiff") filed a Complaint against Porsche Cars North America, Inc. ("Defendant") in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, *et seq.*). Plaintiff's allegations arise from Plaintiff's purchase of a 2021 Porsche Cayenne vehicle (the "Vehicle") manufactured by Defendant. On March 18, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On March 20, 2024, the Court ordered Defendant to show cause that the amount in controversy requirement was satisfied for diversity jurisdiction. (ECF No. 9.) Defendant timely responded. (ECF No. 12.) Upon review of Defendant's Response, the Court finds the amount in controversy has not been established and **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). Whether or not the plaintiff challenges these allegations, a court may insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02197-RGK-KS | Date | April 4, 2024 |
|---|---|---|---|
| Title | *Parham Nabatian v. Porsche Cars North America, Inc. et al.* | | |

deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks replacement or restitution for all money paid, civil penalties, and attorneys' fees, among other remedies under the Song-Beverly Act. Defendant asserts that the amount in controversy exceeds $75,000 because Plaintiff seeks $90,268.28 as the amount paid or payable under the vehicle's installment sales contract. However, Plaintiff's recovery would be limited to the amount actually paid to the seller—approximately $36,000. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). While Defendant argues that civil penalties and attorneys' fees could make up this shortfall, Defendant does not show why Plaintiff would be entitled to either award or why those awards would be sufficient. For instance, despite the absence of any factual allegations regarding Defendant's alleged willful violation of the law, Defendant asks the Court to assume a maximum civil penalty and a substantial award of attorneys' fees. The Court declines to include such speculative amounts in its calculation of the amount in controversy.

In summary, Defendant has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: LASC, 24STCV03865

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |